Robyn E. Bladow (SBN 205189)
Email: rbladow@kirkland.com
Nathaniel Edward Haas (SBN 324305)
Email: nathaniel.haas@kirkland.com
**KIRKLAND & ELLIS LLP**
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Defendant TAH Operations LLC*

*[Additional counsel listed on signature page]*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MARCKUS WILLIAMS, on behalf of himself and those similarly situated, and FAIR HOUSING CENTER OF CENTRAL INDIANA,<br><br>Plaintiffs,<br><br>v.<br><br>TAH OPERATIONS LLC,<br><br>Defendant. | Case No. 8:24-cv-02534-DOC-DFM<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

## STIPULATION AND [PROPOSED] ORDER

In the interests of (1) ensuring efficient and prompt resolution of this Action; (2) facilitating discovery by the Parties litigating this Action; and (3) protecting confidential information from improper disclosure or use, Plaintiffs and Defendant (collectively, "Parties"), by and through their respective counsel hereby stipulate and agree to the terms of this Stipulated Protective Order.

**IT IS HEREBY STIPULATED**, and the Court, upon good cause shown and pursuant to <u>Federal Rule of Civil Procedure 26(c)(1)</u>, ORDERS as follows:

## I.    INTRODUCTION

A.    Purposes and Limitations.

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section G, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; rather Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

B.    Scope.

All Documents, electronically stored information, items, and other information produced or adduced in the course of discovery, regardless of the medium or manner generated, stored, maintained or revealed (including, among other things, initial disclosures, responses to discovery requests, deposition testimony, and exhibits), and

information derived directly therefrom, concerning Confidential or Highly Confidential Information as defined below shall be subject to this Order. This Order shall apply to any named Party to this Action (including all of its officers, directors, employees, retained experts, Outside Counsel (and their support staff)). This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

## II.    DEFINITIONS

A.    As used herein:

1.    "Action" means the above-captioned action pending in this Court, including any related discovery, pre-trial, trial, post-trial, or appellate proceedings.

2.    "Challenging Party" means a Party or Non-Party that challenges the designation of information or items under this Order.

3.    "Confidential Information" means any Document which contains confidential or proprietary business, commercial, research, personnel, product or financial content belonging to the Producing Party, and which is designated as "CONFIDENTIAL" for purposes of this litigation. Confidential Information may fall within one or more of the following exemplary categories: (i) information prohibited from disclosure by statute or contractual agreement; (ii) information that reveals trade secrets; (iii) research, technical, commercial or financial information that the party has maintained as confidential; (iv) medical information concerning any individual; (v) personally identifiable information ("PII"), protected health information ("PHI"), and other information protected by privacy laws and regulations; or (vi) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms. The Parties will make reasonable efforts to ensure that information or documents that are available to the public or readily ascertainable by the public are not designated as Confidential Information.

4.    "Defendant" means TAH Operations LLC and its employees,

agents, representatives, parents, subsidiaries, affiliates, successors, and assigns.

5.    "Designated Materials" means documents or other materials produced in this Action labelled or affixed with the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

6.    "Designating Party" means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

7.    "Disclose" or "Disclosed" means shown, divulged, revealed, produced, described, transmitted, or otherwise communicated, in whole or in part.

8.    "Document" means any document or electronically stored information, as the term is used in Federal Rule of Civil Procedure 34(a).

9.    "Highly Confidential Information" means any Document which a Producing Party believes to be so highly sensitive that: (i) it is the subject of reasonable efforts to maintain its secrecy; (ii) it is sufficiently valuable and secret to afford a potential or actual advantage over others; (iii) its disclosure to existing or potential competitors or customers would cause injury to the business, commercial, competitive, or financial interests of the Producing Party and (iv) it is designated as "HIGHLY CONFIDENTIAL" for purposes of this litigation.  By way of example only, Highly Confidential Information may include but is not limited to: (a) current or future business strategies and other strategic planning information; (b) projections or plans regarding performance, budgets, production, output, sales, marketing or distribution practices; (c) research and development information; (d) manufacturing know-how or technology; (e) board of directors materials and presentations; (f) customer lists or information; (g) negotiation strategies; (h) proprietary software, systems, or processes; (i) margin, cost, and pricing information; or (j) intellectual property.

10.    "In-House Counsel" means any lawyer employed by a Party, including their support staff.

11.    "Non-Party" means any natural person, partnership, corporation,

association, or other legal entity not named as a Party to this Action.

12. "Outside Counsel" means the law firm(s) who represent or are retained by any Party, including any attorneys, paralegals, and other professional personnel (including support and IT staff), agents, or independent contractors retained by the Party that such law firm(s) assign(s).

13. "Party" or "Parties" means any individual Plaintiff or Defendant in the above-captioned action, or Plaintiffs and Defendant collectively.

14. "Person" or "Persons" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

15. "Producing Party" means any Party or Non-Party that discloses or produces Designated Materials in this Action.

16. "Protected Material" means any Document that is designated as Confidential or Highly Confidential or otherwise protected by any applicable privilege or protection from disclosure.

17. "Receiving Party" means any Party or Non-Party who receives Designated Materials from a Producing Party.

## III.   DESIGNATION

A Party may designate a Document as Confidential or Highly Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the Document and on all copies in a manner that will not interfere with the legibility of the Document. To the extent a Document is produced in a form in which placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the Document is not practicable, the Producing Party may designate the Document by cover letter, slip sheet, appending the designation the electronic file name, or by affixing a label to the production media containing the Document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential or Highly Confidential Information. The marking "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL" shall be applied prior to or at the time the Documents are produced or Disclosed. Applying such marking to a Document does not mean that the Document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any Documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of Documents that do not contain substantial portions or images of the text of Documents designated as Confidential or Highly Confidential Information and do not otherwise disclose the substance of the Confidential or Highly Confidential Information are not required to be marked.

## IV.    DEPOSITIONS

A.    **General Provisions**. Unless all Parties agree otherwise on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information for a period of thirty (30) days after the transcript is delivered to the Party being deposed. If counsel for any Party states on the record that the deposition testimony should be treated as Highly Confidential Information, such testimony will be treated as Highly Confidential Information for the thirty (30)-day period following the delivery of the transcript to the Party seeking to designate Designated Material as confidential. No later than the thirtieth day after the transcript is delivered to the Party being deposed or a Party seeking to designate Designated Material as confidential, whichever is later, a Party may serve a Notice of Designation to all parties of record and the court reporter for the deposition in question as to specific pages of the transcript that are designated Confidential or Highly Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The court reporter shall provide a final copy of the transcript that reflects any designations of pages of the transcript as Confidential or Highly Confidential Information in the lower left-hand corner of each designated page.

B. **Filing During Thirty (30)-Day Period**. If counsel for any Party seeks to file a transcript or portion thereof with the Court before the time for serving a Notice of Designation has expired, counsel shall contact counsel for all other Parties to inquire whether any Party objects to the relevant transcript portions being filed publicly. If counsel for any Party objects within three (3) business days, the filing counsel shall follow the Court's procedures for filing the transcript under seal. If no Party objects within three (3) business days, the filing counsel may file the transcript portions publicly on the docket.

## V. PROTECTION OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL DESIGNATED MATERIAL

A. **General Protections**.  Except as set forth below, Confidential or Highly Confidential Information shall not be used or Disclosed by the Parties, counsel for the Parties or any other persons identified in subparagraph (B) for any purpose whatsoever other than the prosecution or defense of claims in, or the settlement of, this Action, including any appeal thereof. Nothing in this Order, however, shall prevent or prejudice any Party designating Documents Confidential or Highly Confidential Information from using its own such designated Documents for any purpose, including privately disclosing its own Confidential or Highly Confidential Information to others not mentioned in this Paragraph E, and such private disclosure shall not waive the protections of this Order.

B. **Limited Third-Party Disclosures**.  The Parties and counsel for the Parties shall not Disclose or permit the disclosure of any Confidential or Highly Confidential Information to any third person or entity except as set forth below.

C.    Subject to these requirements, the following categories of Persons may be allowed to review Confidential Information:

1.    Counsel.  Outside Counsel for the Parties or In-House Counsel for the Parties, including employees and support staff of such counsel, who have

[PROPOSED] STIPULATED PROTECTIVE ORDER

responsibility for the preparation and trial of the Action;

2.    Parties.  Individual Parties and employees of such Party, but only to the extent counsel has a good-faith basis for believing the disclosure of such Confidential Information is reasonably necessary to the prosecution and/or defense of this Action.  The Receiving Party shall require any such individual employee to whom such Confidential Information is shown to complete the certification contained in Attachment A to this Order and the Receiving Party shall retain the signed Attachment A and to the extent request provide a list to the Designating Party a list of all individuals who have signed Attachment A;

3.    The Court and its personnel;

4.    Any special master, mediator, arbitrator, trustee, or monitor and their staff that the Parties engage in this Action or that this Court appoints;

5.    Court Reporters and Recorders.  Court reporters and recorders engaged for depositions;

6.    Contractors and Vendors.  Those Persons specifically engaged for the limited purpose of making copies of Documents or organizing or processing Documents, including outside vendors hired to process electronically stored Documents but only after such Persons have completed the certification contained in Attachment A to this Order (only one certification is required for such a Contractor or Vendor if signed by a person with authority to bind the entity);

7.    Consultants and Experts.  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this Action but only after such Persons confirm that they have not been retained by another Party or a competitor for another Party and have completed the certification contained in Attachment A to this Order;

8.    Witnesses.  During depositions or testimony at trial or any hearing, witnesses in this Action to whom disclosure is reasonably necessary, provided that counsel for the Party intending to disclose the information has a good-faith basis for

believing such Confidential Information is relevant to events, transactions, discussions, communications or data about which the witness is expected to testify or about which the witness may have knowledge.  Witnesses shall not retain a copy of Documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts;

9.    Author or recipient.  The author or recipient of the Document in the ordinary course of business;

10.   Identified Persons.  Any Person who is referenced in the Document or whose conduct is purported to be identified in the Document, provided that counsel for the Party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications or data about which the Person has knowledge; disclosure to such Person is limited to the portion of the Document in which the Person or Person's conduct is identified or referenced; and such Person has completed the certification contained in Attachment A to this Order;

11.   Mock jurors or mock judges who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential; and

12.   Others by Consent. Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

D.    The following categories of Persons may be allowed to review Highly Confidential Information:

1.    Outside Counsel.  Outside counsel for the Parties including employees and support staff of such counsel, who have responsibility for the preparation and trial of the Action provided that such individuals do not regularly participate in the

commercial business activities of the Party;

2.    The Court and its personnel;

3.    Any special master, mediator, arbitrator, trustee, or monitor and their staff that the Parties engage in this Action or that this Court appoints;

4.    Court Reporters and Recorders.  Court reporters and recorders engaged for depositions;

5.    Contractors and Vendors.  Those Persons specifically engaged for the limited purpose of making copies of Documents or organizing or processing Documents, including outside vendors hired to process electronically stored Documents but only after such Persons have completed the certification contained in Attachment A to this Order (only one certification is required for such a Contractor or Vendor if signed by a person with authority to bind the entity);

6.    Consultants and Experts.  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this Action but only after such Persons confirm that they have not been retained by another Party or a competitor for another Party and have completed the certification contained in Attachment A to this Order;

7.    Witnesses.  During depositions or testimony at trial or any hearing, witnesses in this Action to whom disclosure is reasonably necessary to the prosecution and/or defense of this Action, and also provided that counsel for the Party intending to disclose the information has a good-faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications or data about which the witness is expected to testify or about which the witness may have knowledge.  Before disclosing any Document pursuant to this paragraph, counsel who intends to disclose the Document must first notify counsel for the designating Party of their intent to do so, unless the witness is the designating Party of an employee of the designating Party.  At depositions, trial or hearings, such notice may be accomplished by presenting a copy of the Highly Confidential Information to counsel for the

designating Party and permitting counsel an opportunity to object before the document is shown to the witness.  The designating Party shall not object to the document being shown to the Witness unless the designating Party can articulate specific reasons as to why the document cannot be shown to the Witness.  Until the designating Party agrees to the disclosure, or the Court orders such disclosure, Highly Confidential Information shall not be Disclosed to or discussed with any witness other than a witness who is the designating Party or an employee of the designating Party.  Any witness who is shown a document marked Highly Confidential during their deposition or testimony shall complete the certification contained in Attachment A to this Order.  Witnesses shall not retain a copy of Documents containing Highly Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed testimony or exhibits to depositions that are designated as Highly Confidential Information must be separately bound by the court reporter and may not be Disclosed to anyone except as permitted under this Order;

8.     Author or recipient.  The author or recipient of the Document in the ordinary course of business (not including a Person who received the Document solely in the course of litigation);

9.     Identified Persons.  Any Person who is referenced in the Document or whose conduct is purported to be identified in the Document, provided that counsel for the Party intending to disclose the information has a good-faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications or data about which the Person has knowledge; disclosure to such Person is limited to the portion of the Document in which the Person or person's conduct is identified or referenced; and such person has completed the certification contained in Attachment A to this Order;

10.    Mock jurors or mock judges who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any

[PROPOSED] STIPULATED PROTECTIVE ORDER

information concerning Protected Material confidential; and

        11.    Others by Consent.  Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

     E.    **High Level Summaries.**  Nothing in this Order shall be construed to prevent Counsel from advising their clients with respect to the Action based in whole or in part on Protected Materials, provided Counsel does not disclose the Protected Material itself except as provided in this Order.

     F.    **Control of Documents.**  Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential or Highly Confidential Information.

     G.    To the extent any person is required to complete the certification contained in Attachment A to this Order, facsimile signatures or signatures transferred in electronic format (*e.g.*, PDF) shall be treated as original signatures purposes of this Order. Executed Attachment A forms need not be provided to Parties or any Non-Party but must be maintained by Outside Counsel until the closure of this Action, and may be subject to inspection by any Party, Non-Party, or the Court should an issue arise.

## VI.    FAILURE TO DESIGNATE

     A failure to designate a Document as Confidential or Highly Confidential Information does not, standing alone, waive the right to so designate the Document.  If a Producing Party designates a Document as Confidential or Highly Confidential Information after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to ensure that the Document is treated in accordance with the provisions of this Order.  No Party shall be found to have violated this Order for failing to maintain the confidentiality of Designated Material during a time when that Designated Material has not been designated Confidential or Highly Confidential Information.  To the extent that the Receiving Party has shared any material that is designated as Protected Material after such material has been provided

to third parties, the Receiving Party must comply with the requirements set forth in Paragraph M, below.

**VII.    FILING OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION**

This Order does not, by itself, authorize the filing of any Document under seal. Any Party wishing to file a Document designated as Confidential or Highly Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 79-5.

**VIII.   CHALLENGES BY A PARTY TO DESIGNATION AS CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION**

Any Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  The following procedure shall apply to any such challenge.

A.    **Meet and Confer.**  A Party challenging the designation of Confidential or Highly Confidential Information shall initiate the dispute resolution process under Local Rule 37-1 *et seq*.

B.    **Joint Stipulation.**  Any challenge submitted to the Court shall be via joint stipulation pursuant to Local Rule 37-2.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party, who shall have the right to respond to any motion filed by a Challenging Party.  Until the Court rules on the challenge, all Parties shall continue to treat the Document as Confidential or Highly Confidential Information under the terms of this Order.  As such, any motion challenging a confidentiality designation must not publicly file the Documents with contested designations nor describe them in a manner that would reveal Confidential or Highly Confidential

[PROPOSED] STIPULATED PROTECTIVE ORDER

Information.

## IX. USE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL DOCUMENTS OR INFORMATION AT TRIAL

Nothing in this Order shall be construed to limit the use of any Document at any trial or hearing provided that the Parties take necessary advance precautions to avoid the public disclosure of Confidential or Highly Confidential Information. A Party that intends to present or that anticipates that another Party may present Confidential or Highly Confidential Information at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum sufficiently in advance of the proceeding without disclosing the Confidential or Highly Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such Documents at hearing or trial.

## X. THIRD PARTIES

In seeking discovery from third parties, the Parties shall attach this Order to a copy of any subpoena or other discovery request. Third parties from whom discovery is requested shall be considered parties to this Order and are entitled to the protections of this Order in responding to such requests.

## XI. CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION SUBPOENAED, REQUESTED OR ORDERED PRODUCED IN OTHER LITIGATION

A. If a Receiving Party is served with a subpoena, discovery request, or an order issued in other litigation that would compel disclosure of any Document designated in this Action as Confidential or Highly Confidential Information, the Receiving Party must so notify the Designating Party, in writing, immediately and in no event more than three (3) court days after receiving the subpoena or order. Receiving Party must cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. Such notification must include a copy of the subpoena or court order.

B.     The Receiving Party also must immediately inform in writing the party who caused the subpoena, discovery request, or order to issue in the other litigation that some or all of the Designated Material covered by the subpoena, discovery request, or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other litigation that caused the subpoena to issue.

C.     The purpose of imposing these duties is to alert the interested Persons to the existence of this Order and to afford the Designating Party in this case an opportunity to protect its Confidential or Highly Confidential Information in the court from which the subpoena, discovery request or order issued.  If the Designating Party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as Confidential or Highly Confidential before a determination by the court from which the subpoena or order issued, unless the party has obtained the Designating Party's permission.   The Designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential or Highly Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## XII.   UNAUTHORIZED DISCLOSURE OR USE

If the Receiving Party learns that it or its counsel, officers, directors, employees, consultants, experts or other agents have Disclosed Documents designated Confidential or Highly Confidential Information in any circumstance not authorized under this Order, that Party must within three (3) business days of learning of such disclosure (a) notify the Producing Party of the disclosure and all pertinent facts relating thereto, (b) make every reasonable effort to prevent disclosure by each unauthorized Person who received such information, (c) use reasonable best efforts to retrieve all copies of the protected Documents Disclosed to unauthorized Persons, (d) inform the Person or Persons to whom unauthorized disclosures were made of the terms of this Order, and

(e) request that each such Person execute the certification contained in Exhibit A to this Order. Nothing contained herein shall limit the right of the Producing Party to seek relief against the Party responsible for such disclosure. Further, nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.

## XIII.  GENERATIVE AI

Protected Information shall not be submitted to any open Generative AI tool (i.e. ChatGPT) or any substantially similar tool that is available to the public. Providing Protected Information to an open tool is considered disclosure to a third party. The obligations and restrictions of this paragraph apply even where the data or the Protected Material has been anonymized.

## XIV.  DATA SECURITY

Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse and unauthorized access, disclosure, alteration and destruction. Such measures shall include:

A.    Reasonably preventing unauthorised persons from gaining access to Protected Material (physical access control).

B.    Reasonably preventing Protected Material from being used without authorisation (logical access control) including, but not limited to, the use of passwords.

C.    Reasonably ensuring that persons entitled to use a Protected Material gain access only to such Protected Material as they are entitled to access in accordance with their access rights, and that, in the course of processing or use and after storage, Protected Material cannot be read, copied, modified or deleted without authorisation (data access control).

D.    Reasonably ensuring that Protected Material cannot be read, copied, modified or deleted without authorisation during electronic transmission, transport or storage on storage media, and that the target entities for any transfer of Protected Material by means of data transmission facilities can be established and verified (data

transfer control).

E.  Reasonably ensuring the establishment of an audit trail to document whether and by whom Protected Material have been entered into, modified in, or removed from Protected Material processing systems, (entry control).

F.  Reasonably ensuring that Protected Material are processed solely in accordance with instructions from Counsel or Receiving Party (control of instructions).

## XV.  BREACH NOTIFICATION AND COOPERATION CLAUSE

If the Receiving Party discovers that an unauthorized person or persons has accessed or obtained the Protected Materials of another Party, the Receiving Party shall: (1) provide written notice to Producing Party of such breach within ten (10) business days of Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide Producing Party with assurance reasonably satisfactory to Producing Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach including, but not limited to, the nature of the compromise, the timing of the compromise, the documents compromised, the nature of the unauthorized party, and the data security in place at the time of the compromise.  If required by any judicial or governmental request, requirement or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Producing Party sufficient prior notice in order to contest such request, requirement or order through legal means.  The Receiving Party agrees to provide reasonable cooperation to the Producing Party or law enforcement in investigating any such security incident.  In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access as it deems appropriate in its good faith and reasonable judgment.  If the unauthorized access or disclosure of the Protected Material requires notice to individuals, organizations or regulators under applicable law, then the Receiving Party shall follow the reasonable instructions of the Producing Party regarding such notice at their own cost.

[PROPOSED] STIPULATED PROTECTIVE ORDER

## XVI.  OBLIGATIONS ON CONCLUSION OF LITIGATION

A.     **Order Continues in Force.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment. The Court shall retain jurisdiction to hear disputes regarding documents produced under this Order even after dismissal or entry of final judgment.

B.     **Obligations at Conclusion of Litigation.**  Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Confidential and Highly Confidential Information, including copies as defined in Paragraph C ("Designation"), shall be returned to the Producing Party unless: (1) the Document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction to the extent practicable in lieu of return; or (3) as to Documents bearing the notations, summations or other mental impressions of the Receiving Party, that Party elects to destroy the Documents and certifies to the Producing Party that it has done so.

C.     **Retention of Work Product and Filed Documents.**  Notwithstanding the above requirements to return or destroy Documents, counsel may retain (1) email correspondence related to their representation, (2) attorney work product; and (3) copies of (a) all Documents filed with or by the Court, including those filed under seal; (b) all transcripts of depositions, including exhibits; and (c) all final expert witness reports and supporting materials Disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedure.   Any retained Confidential or Highly Confidential Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose Confidential or Highly Confidential Information.  Nothing in this Order shall be construed to require the destruction or return of Confidential or Highly Confidential Information stored in

[PROPOSED] STIPULATED PROTECTIVE ORDER

counsels' archives, back-up media, or disaster recovery media.

**XVII. ORDER SUBJECT TO MODIFICATION**

This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter. Parties and Non-Parties may also agree in writing to modifications of this Order, so long as all Parties are in agreement.

**XVIII.     PERSONS BOUND**

This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**XIX. FUTURE PARTIES**

The terms of this Order shall be binding upon all current and future parties to this litigation and their counsel; any Party appearing in the litigation following entry of this Order shall be deemed to have joined the case subject to its provisions.

**XX.  PERSONAL JURISDICTION**

Nothing herein shall be construed as a determination by the Court, or as a consent or waiver by any Party, or parent or affiliate of any Party, that such Party, or parent or affiliate of a Party, is subject to personal jurisdiction in this Court or that discovery as to such Party, or parent or affiliate of a Party, shall proceed pursuant to the Federal Rules of Civil Procedure.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED:

DATED:  March 6, 2025

_____
Douglas F. McCormick
United States Magistrate Judge

[PROPOSED] STIPULATED PROTECTIVE ORDER

1    **IT IS SO STIPULATED.**

2    DATED:  February 28, 2025        Respectfully submitted,

3

4    By: _/s/ Ellora Israni_        By: _/s/ Robyn E. Bladow_
     Ellora Thadaney Israni (SBN 331877)    Robyn E. Bladow (SBN 205189)

5    Email: eisrani@relmanlaw.com      Email: rbladow@kirkland.com
     Valerie D. Comenencia Ortiz (SBN    Nathaniel Edward Haas (SBN 324305)

6    322379)          Email: nathaniel.haas@kirkland.com
     Email:          **KIRKLAND & ELLIS LLP**

7    vcomenenciaortiz@relmanlaw.com    555 South Flower Street, Suite 3700
     Lila Miller (SBN 310614)      Los Angeles, CA 90071

8    Email: lmiller@relmanlaw.com     Telephone:  (213) 680-8400
     **RELMAN COLFAX PLLC**     Facsimile:  (213) 680-8500

9    1225 19th St. NW, Suite 600

10    Washington, D.C. 20036      Aaron H. Marks (admitted _pro hac vice_)
     Telephone:  (202) 728-1888     Email: aaron.marks@kirkland.com

11    Facsimile:   (202) 728-0848     Hanna Zaretsky (_pro hac vice_
         forthcoming)

12          Email: hanna.zaretsky@kirkland.com
     _Attorneys for Plaintiffs Marckus_    **KIRKLAND & ELLIS LLP**

13    _Williams, on behalf of himself and those_   601 Lexington Avenue
     _similarly situated, and Fair Housing_    New York, NY 10022

14    _Center of Central Indiana_     Telephone:  (212) 446-4800
         Facsimile:   (212) 446-4900

15

16

17          Donna M. Welch (_pro hac vice_
         forthcoming)

18          Email: donna.welch@kirkland.com
         **KIRKLAND & ELLIS LLP**

19          333 West Wolf Point Plaza

20          Chicago, IL 60654
         Telephone:  (312) 862-2000

21          Facsimile:   (312) 862-2200

22

23          _Attorneys for Defendant TAH Operations_

24          _LLC_

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

## ATTESTATION OF COMPLIANCE

Pursuant to L.R. 5-4.3.4, the filer, Robyn E. Bladow, attests that all other signatories listed, and on whose behalf the filing is being submitted, concur in the filing's content and have authorized the filing.


Dated: February 28, 2025                    Respectfully submitted,

                                            By: */s/ Robyn E. Bladow*
                                            Robyn E. Bladow
                                            Nathaniel Edward Haas
                                            **KIRKLAND & ELLIS LLP**
                                            555 South Flower Street, Suite 3700
                                            Los Angeles, CA 90071
                                            T: +1 213 680 8634
                                            rbladow@kirkland.com
                                            nathaniel.haas@kirkland.com

                                            *Attorneys for Defendant TAH Operations
                                            LLC*

## ATTACHMENT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Central District of California in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential or Highly Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential or Highly Confidential Information to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in Penalties for contempt of court.

Name:_____

Job Title:_____

Employer:_____

Business Address:_____

Date: _____    Signature: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER